IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LABORERS DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND, et al., <br><br>             *Plaintiffs*, <br><br>   v. <br><br>PHILLIPS ENTERPRISE, INC., <br><br>             *Defendant*. | CIVIL ACTION <br> NO. 15-06490 |

**PAPPERT, J.**                                                                                             MAY 20, 2016

**MEMORANDUM**

The Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity and its various Benefit Funds (collectively "Plaintiffs") sued Defendant Phillips Enterprise, Inc. ("Phillips") seeking damages and equitable relief under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA"). Plaintiffs' claims arise from Phillips's alleged failure to timely pay certain contributions, reports and deductions due pursuant to the parties' Collective Bargaining Agreement ("CBA"). The Clerk of Court entered default against Phillips on April 4, 2016 for its failure to appear, plead or otherwise defend Plaintiffs' complaint. Before the Court is Plaintiffs' motion for default judgment which the Court grants for the reasons below.

**I.**

Plaintiffs allege that at all relevant times, Phillips was a signatory to a CBA "which set[] forth, *inter alia*, the wages, hours, and other terms and conditions of employment of laborers employed by [Phillips]." (Compl. ¶ 17, ECF No. 1.) Phillips also "agreed to abide by the terms

1

of agreements and declarations of trust . . . [which were] incorporated into" the CBA.  (*Id.* ¶ 19.)  Together, the CBA and incorporated terms ("the Agreement") imposed certain obligations upon Phillips, including: (1) "to submit accurate remittance reports and the appropriate contributions and deductions to the Plaintiffs on at least a monthly basis following the month for which contributions [were] due"; (2) "remit reports and the contributions and deductions due for all hours of work performed by its employees . . . in the preceding month"; and (3) "pay . . . the Plaintiffs interest at a rate of at least prime plus two, accrued interest, liquidated damages, costs of suit and audit, and attorneys' fees and costs" in the event Phillips's delinquency in making its payments resulted in the filing of a lawsuit.  (*Id.* ¶¶ 19–22.)  The Agreement also provided that Plaintiffs could audit Phillips's records in order to ensure compliance with their payment obligations.  (*Id.* ¶ 23.)

   Perry N. Blackman, CPA ("Blackman") audited Phillips's records from January 1, 2013 to July 31, 2014, and found that Phillips owed Plaintiffs $30,235.98 in unpaid contributions.  (*Id.* ¶¶ 24–25; *Id.*, Ex. B.)  Blackman revised his report on November 23, 2015 to reflect additional fees and accrued interest as of that date.  (*Id.*, Ex. B.)  Specifically, the revised report found that Phillips owed an audit fee of $1,800.00 and accrued interest of $1,513.31, less a payment of $16,170.00 which was made after Blackman conducted the initial audit.  (*Id.* ¶ 25; *Id.*, Ex. B.)  Thus, the total amount owed by Phillips as of November 23, 2015 was $17,379.29.  (*Id.* ¶ 25; *Id.*, Ex. B.)  The Agreement also provided that if contributions were not paid on time, Plaintiffs could charge interest on those contributions until they were paid.  (*Id.*, Ex. A at 14.)  Phillips paid a number of contributions late, resulting in an additional $1,625.10 in accrued interest which Plaintiffs claim is due.  (*Id.* ¶ 26; *Id.*, Ex. C.)  "Despite repeated demands," Phillips has failed to pay the full amounts due.  (*Id.* ¶ 27.)

Plaintiffs filed their complaint on December 8, 2015 seeking: (1) all unpaid contributions; (2) accrued interest on both unpaid contributions and those that were paid late; (3) liquidated damages; (4) audit fees; (5) attorneys' fees and costs; and (6) the ability to audit Phillips's records and determine amounts due since the last audit.  (ECF No. 1.)  Plaintiffs served the summons and complaint on Phillips on February 10, 2016.  (ECF No. 3.)  On April 4, 2016, the Clerk of Court entered default against Phillips for its failure to appear, plead or otherwise defend Plaintiffs' complaint.  (ECF Nos. 4–5.)  Plaintiffs filed their motion for default judgment on April 29, 2016 and Phillips failed to answer.  (ECF No. 5.)

**II.**

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).  Following the entry of default, "the clerk may enter a default judgment if the plaintiff's claim is for a sum certain, but otherwise the plaintiff must apply to the court for judgment."  *Int'l Union of Operating Eng'rs of E. Pa. & Del. Benefit Pension Fund v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015) (citing FED. R. CIV. P. 55(b)).

Whether to enter a default judgment against Phillips is left to the Court's discretion.  *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).  In exercising this discretion, the Court "must consider three factors: 1) whether the plaintiff will be prejudiced if the default is lifted; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the defendant's culpable misconduct."  *Id.* at 1181.  Because Phillips has failed to appear, the Court cannot determine whether it has a meritorious defense or whether the default was a result of Phillips's culpable misconduct.  *See Carpenters Health & Welfare Fund of Phila.*

*& Vicinity v. Naglak Design*, No. 94-cv-2829, 1995 WL 20848, at *2 (E.D. Pa. Jan. 18, 1995). ERISA does mandate, however, that a plan pay benefits to its participants *regardless* of whether an employer has first made its contributions to the plan. *See* 29 C.F.R. § 2530.200b–2; *Abbonizio Contractors, Inc.*, 134 F. Supp. 3d at 865. Accordingly, "[i]f the plan at issue is part of a multi-employer contribution system, as here, any delinquent contributions owed by a covered employer impairs the plan's ability to pay both the beneficiaries of the delinquent employer as well as employees of companies who have made their contributions." *Carpenters Health & Welfare Fund v. Bold & Clauss Constr., Inc.*, No. 05-cv-04858, 2006 WL 782051, at *2 (E.D. Pa. Mar. 23, 2006). Plaintiffs' ability to make their statutorily mandated payments is hindered by Phillips's failure to make its contributions. The Court accordingly finds that Plaintiffs will be prejudiced if default judgment is not entered.

**III.**

Once a Court finds default judgment warranted, it "should accept as true any factual allegations of the Complaint, except those related to the amount of damages." *Abbonizio Contractors, Inc.*, 134 F. Supp. 3d at 865 (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

**A.**

Plaintiffs first seek unpaid contributions revealed by Blackman's audit. Where a CBA mandates that an employer make contributions to a multiemployer plan, the employer must do so in accordance with the CBA's terms and conditions. 29 U.S.C. § 1145. "A plan fiduciary is permitted to sue an employer who fails to make such required contributions." *Abbonizio Contractors, Inc.*, 134 F. Supp. 3d at 865 (citing 29 U.S.C. § 1132(a)). If judgment is entered in favor of the plan, the Court must award:

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of—

        (i) interest on the unpaid contributions, or

        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).  Interest is determined by using the rate set forth in the CBA.  *Id.*

    Plaintiffs provided sufficient evidence that Phillips owes $14,065.98 in unpaid contributions as provided by Blackman's audit report.  (Compl., Ex. B.)  Plaintiffs are also entitled to interest on that sum at the rate provided in the CBA, which is listed as "2% above prime per annum as established by a bank selected by the trustees."  (*Id.*, Ex. A at 14.)  Blackman calculated that as of November 23, 2015, Phillips owed $1,513.31 in interest on the unpaid contributions.  (*Id.*, Ex. B.)  Plaintiffs also attached a petition for $3,243.50 in attorneys' fees and costs which the Court finds reasonable in light of the work completed, the time spent and the rates provided.  (Pls.' Mem. Supp. Default J., Ex. A, ECF No. 5.)

    Plaintiffs are also entitled to an additional payment of liquidated damages.  ERISA provides that this payment is the greater of: (1) interest on the unpaid contributions under Section 1132(g)(2)(C)(i); or (2) liquidated damages as provided by the CBA under Section 1132(g)(2)(C)(ii).  Congress included Section 1132(g)(2)(C) in order to "compensate the plan for the loss occasioned or costs incurred as a result of an employer's failure to make required

contributions." *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 285 (2d Cir. 1992). Section 1132(g)(2)(C)(i) is known as the "double interest" provision because it allows a Plaintiff to recover an additional interest payment if that amount is greater than what would be available under the liquidated damages provision of the CBA. *See Bennett v. Machined Metals Co.*, 591 F. Supp. 600, 606 (E.D. Pa. 1984); *Serv. Employees Int'l Union Nat'l Indus. Pension Fund v. Bristol Manor Healthcare Ctr., Inc.*, No. 12-cv-1904, 2016 WL 354873, at *7 (D.D.C. Jan. 28, 2016).

Plaintiffs contend that they are owed $3,026.62, which represents "double" the $1,513.31 interest owed. Plaintiffs misconstrue the "double interest" provision. The name "double interest" simply signifies that in addition to the interest owed under Section 1132(g)(2)(B) *supra*, a Plaintiff may elect an additional interest payment in lieu of the liquidated damages provided for under the CBA. What Plaintiffs claim to be owed would, in effect, constitute triple interest: $1,513.31 + ($1,513.31 x 2) = $4,539.93. Courts applying this provision have uniformly held that such an interpretation is incorrect. *See e.g.*, *Bd. of Trustees of Laborers Health & Welfare Trust Fund for N. Cal. v. Shade Const. & Eng'g*, No. 06-cv-6830, 2007 WL 3071003, at *9 (N.D. Cal. Oct. 19, 2007) (awarding "$601.66 in interest through April 25, 2007, and another $601.66 as 'double interest'"); *New York State Teamsters Council Health & Hosp. Fund v. C & D Specialized Transp., Inc.*, No. 94-cv-89, 1995 WL 79176, at *3 (N.D.N.Y. Feb. 17, 1995) (awarding "interest of $1,017.00 [and] double interest liquidated damages of $1,017.00"); *Bd. of Trustees of Trucking Employees of N. Jersey Welfare Fund, Inc.-Pension Fund v. Able Truck Rental Corp.*, 822 F. Supp. 1091, 1096 (D.N.J. 1993) (awarding $107,534.50 in accrued interest and $107,354.50 as double interest). Plaintiffs would accordingly only be entitled to an additional $1,513.31 under ERISA's double interest provision.

6

Plaintiffs could alternatively elect liquidated damages in the amount of 10% of the outstanding principal as provided by the CBA.  (*Id.*, Ex. A at 14.)  Under that calculation, Plaintiffs would receive $1,406.60 (10% x $14,065.98).  Because the "double interest" payment of $1,513.31 is greater than the liquidated damages sum, the Court finds that Plaintiffs are entitled to an additional $1,513.31 under Section 1132(g)(2)(C)(i).

## B.

Plaintiffs also request accrued interest on the contributions which Phillips paid late.  (Compl. ¶ 26; *Id.*, Ex. C.)  Specifically, they assert that Phillips owes an additional $1,625.10 given that the CBA provides that interest shall accrue on any late payments until such payments are made.  (*Id.* ¶ 26; *Id.*, Ex. C.)  ERISA does not provide for the recovery of interest accrued on late payments.  Section 301 of the LMRA, however, provides a remedy for breaches of terms in an agreed upon CBA.  *See* 29 U.S.C. § 185(a).  Thus, the accrued interest on late payments provision is binding given that Phillips is a party to the CBA.  *See, e.g.*, *Abbonizio Contractors, Inc.*, 134 F. Supp. 3d at 867 (finding that Plaintiffs were also entitled to interest on late payments pursuant to the terms of an agreed upon CBA).

Plaintiffs have provided the Court with a copy of the late payments and the resulting accrued interest on those payments totaling $1,625.10.  (Compl., Ex. C.)  Pursuant to the terms of the CBA, Plaintiffs were required to give notice to Phillips of the late payments, which they did.  (*Id.*)  The Court is therefore satisfied that Plaintiffs are entitled to an additional $1,625.10 which represents interest accrued on late payments.  *See, e.g.*, *Abbonizio Contractors, Inc.*, 134 F. Supp. 3d at 867 (finding that plaintiffs gave notice in accordance with the CBA and were entitled to interest that accrued on late payments).

The CBA also provides that Phillips must pay for any audit fee incurred as a result of its failure to pay on time. (Compl., Ex. A at 14.) Plaintiffs have attached Blackman's audit report listing the $1,800 fee. (*Id.*, Ex. B.) The Court finds this sufficient and holds that Plaintiffs are entitled to reimbursement of the $1,800.

### C.

Finally, Plaintiffs request that the Court compel Phillips to submit to another audit. ERISA provides that a court may grant a plan fiduciary "other legal or equitable relief as [it] deems appropriate." 29 U.S.C. § 1132(g)(2)(E). The Supreme Court of the United States has held that "a court-ordered audit was a permissible form of equitable relief when the trust agreements assigned the trustees the power to demand and examine employer records, and the corresponding responsibility to preserve and maintain trust assets." *Abbonizio Contractors, Inc.*, 134 F. Supp. 3d at 867 (citing *Cent. States, Se. and Sw. Areas Pension Fund v. Cent. Transport, Inc.*, 472 U.S. 559 (1985)). Under the terms of the Agreement, Plaintiffs are given the right to examine Phillips's payroll and employment records whenever necessary in order to fulfill their fiduciary duties to properly administer the funds. (Compl. ¶ 23, Ex. A at 14.) Based on this evidence, the Court is satisfied that Plaintiffs have sufficiently established the right to conduct an additional audit to determine the amount of contributions outstanding.

### IV.

Judgment will accordingly be entered in the following amounts: (1) $14,065.98 in unpaid contributions; (2) $1,513.31 in accrued interest on the unpaid contributions; (3) $1,513.31 in "double interest" as provided by ERISA Section 1132(g)(2)(C)(i); (4) $1,625.10 in accrued interest on late contribution payments; (5) $3,243.50 in attorneys' fees and costs; and (6) $1,800

in audit fees.  Phillips is also ordered to comply with its obligations under the Agreement and allow Plaintiffs to conduct an additional audit.  An appropriate order follows.

                                BY THE COURT:

                                ***/s/ Gerald J. Pappert***
                                GERALD J. PAPPERT, J.